The decision below is signed as a decision of the court.

Signed: December 03, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
ENVIRONMENTAL LAND                 )    Case No. 04-00926
TECHNOLOGY, LTD.,                  )    (Chapter 11)
                                   )
            Debtor.                )

MEMORANDUM DECISION REGARDING SECOND MOTION FOR
RECONSIDERATION OF DISALLOWANCE OF CLAIM BY DARRELL G. HAFEN

This decision addresses the second Motion For Reconsideration Of Disallowance Of Claim filed by Darrell G. Hafen.  In disallowing Mr. Hafen's proof of claim, the court ruled that to the extent that the proof of claim asserts a claim against the debtor for the recovery of money, the claim was time-barred and failed to establish privity of contract between Mr. Hafen and the debtor (the proof of claim having rested on a contract with a state agency).  The court further ruled that to the extent the proof of claim asserts a claim for the recovery of property or to establish ownership of property, the proof of claim must be dismissed because a claim to recover or establish title to property must be brought as an adversary proceeding.

Mr. Hafen's second motion to reconsider is one under Rule 60(b) of the Federal Rules of Civil Procedure because it was filed more than 10 days after entry of the court's prior orders. It fails to establish grounds for relief under Rule 60(b).

                                  I

The motion still fails to establish any basis for a monetary claim against the debtor based on Mr. Hafen's contract with a state agency.  The motion alleges that James Doyle, "through deception and fraud," got the state agency to sign a contract with him "on this very land."  I will assume in Mr. Hafen's favor that Mr. Doyle was acting on behalf of the debtor, Environmental Land Technology, Inc., and that the land is the same land as to which Mr. Hafen had a contract with the state agency.

Mr. Hafen fails to assert grounds for excusing his delay in asserting the new allegations of fraud and deception.  Moreover, Mr. Hafen has failed to allege fraud with any particularity, as required by Rule 9 of the Federal Rules of Civil Procedure (made applicable by Rules 7009 and 9014 of the Federal Rules of Bankruptcy Procedure).

Finally, disregarding the failure to plead fraud with particularity, these new allegations may establish a basis for a claim by the state agency against the debtor for deceiving and defrauding the state agency, but they fail to establish grounds that would give rise to a monetary claim on the part of Mr. Hafen

against the debtor. Something more would be required in order for Mr. Hafen to have a monetary claim against the debtor. Although the proof of claim asserts that Mr. Doyle was aware of Mr. Hafen's claim to the property, that does not establish that Mr. Doyle acted wrongly in obtaining a contract with the state agency for the purchase of the property. The state agency may have decided that Mr. Hafen's contract to purchase the property was no longer enforceable, and Mr. Doyle may have so concluded as well.

II

In his new motion, Mr. Hafen also targets the Court's disallowance of his monetary claim as time-barred by asserting that "fraud is an exception to the statute of limitations and other related matters." However, the motion has not pled facts establishing that when the debtor acquired the property, Mr. Hafen still had an enforceable contract to obtain ownership of the property. The motion does not allege any fraud predating the date on which an action to enforce Mr. Hafen's contract to purchase the property would have become barred by the applicable state statute of limitations. Accordingly, Mr. Hafen's claim is time-barred because he had no enforceable rights when Mr. Doyle (acting on behalf of the debtor) appeared on the scene.

III

In his latest motion, Mr. Hafen asserts that the debtor "cannot assert title free and clear" from the state agency "since it was Mr. Hafen who . . . entered into a contract to buy this land before Mr. Doyle . . . ."  This again suggests that Mr. Hafen is asserting a claim to ownership of the property instead of a monetary claim against the debtor.  A proceeding in this court to determine ownership of land is not properly brought by a proof of claim and must, instead, be brought as an adversary proceeding.

Mr. Hafen asserts that a federal court action he filed in Utah against SITLA "is considered to be an adversary proceeding against Mr. Doyle."  However, he does not allege that either Mr. Doyle or Environmental Land Technology, Ltd. was named in such action.  Moreover, because the action was not filed in this court, after the commencement of this bankruptcy case in 2004, that action could not be commenced against the debtor, or continued to be pursued against the debtor, without violating the automatic stay of 11 U.S.C. § 362(a).

In any event, the matter before the court is requested reconsideration of disallowance of the proof of claim.  That proof of claim remains an improper vehicle to pursue a claim to ownership of the property regardless of whatever other proceedings Mr. Hafen may have brought.

IV

An order follows.

[Signed and dated above.]

Copies to: Kevin R. McCarthy, Esq.; Office of United States Trustee; and:

Darrell G. Hafen
P.O. Box 92642
Washington, DC 20090

Darrell G. Hafen
140 E. South Temple
Salt Lake City, UT 84102

Darrell G. Hafen
P.O. Box 675
Washington, UT 84780