The document below is hereby signed.

Signed: August 30, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ENVIRONMENTAL LAND | ) | Case No. 04-00926 |
| TECHNOLOGY, LTD., | ) | (Chapter 11) |
| | ) | Not for Publication in |
| Debtor. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
"EMERGENCY MOTION TO AMEND ORDER TO STRIKE DOCUMENT
353 AS ISSUED ON DECEMBER 16, 2010 [SIC] PURSUANT TO RULE 9011"

This addresses the "Emergency Motion to Amend Order to

Strike Document 353 As Issued on December 16, 2010 [sic] Pursuant

to Rule 9011" filed by James Patrick Doyle on August 12, 2010

(Dkt. No. 438).  On December 17, 2009, the court entered an Order

Striking Documents (Dkt. No. 368) which struck Doyle's original

Emergency Motion for Writs of Mandamus (Dkt. No. 350),[1] directed

_____

[1]  The Emergency Motion for Writs of Mandamus bore a full
title reading:

Emergency Motion for Writs of Mandamus for Immediate
Equitable Relief in Compelling the Secretary of Interior to
Offer to Purchase or Trade Petitioner's ELT Land Projects
Pursuant to Public Law 104-333 (T); Compell [sic] the
Secretary of Interior to Admit the Taking of ELT Land
Projects in St. George, Utah; in the Alternative, Complaint
for Adversary Proceeding, Pursuant to Rule 7001 (Nine), for
Declaratory Judgment on the Taking of ELT Land Projects.

against the Secretary of the Interior, and filed on November 17,
2009.  In the interim, on November 27, 2009, Doyle had filed an
amended version of his Emergency Motion for Writs of Mandamus
(Dkt. No. 363).  That amended version of the mandamus motion
failed to correct the defects in the original mandamus motion
that led to the order striking the original mandamus motion, and
was implicitly stricken by the order of December 17, 2009.

As this court observed in striking the original mandamus
motion, Doyle cannot act on behalf of the debtor in possession.
The claims asserted in the original mandamus motion and in the
amended version of the mandamus motion included claims that
appear to belong exclusively to the debtor, Environmental Land
Technology, Ltd.  Doyle has no standing to assert those claims: a
shareholder's interest in a corporation does not give that
shareholder standing to assert claims of the corporation.
Because Doyle is not a member of the bar of the District Court of
which this court as a unit, he could not file the mandamus motion
in a representative capacity on behalf of the debtor in
possession.

Moreover, to the extent that Doyle asserts claims that
belong to himself, both versions of the mandamus motion failed to
articulate how those claims would have an impact on the
administration of the estate such as to confer subject matter
jurisdiction on the court under 28 U.S.C. § 1334.

Finally, as both the original and amended versions of the mandamus motion recognized, the relief sought by Doyle included relief that ought to be sought by way of an adversary proceeding by reason of Federal Rules of Bankruptcy Procedure 7001.  Both the original and amended versions were not properly captioned for an adversary proceeding, and the clerk appropriately did not docket either version of the mandamus motion as an adversary proceeding complaint.[2]

The striking of the original mandamus motion (and implicitly of the amended to mandamus motion) was without prejudice to Doyle filing a motion or complaint as to claims that he had standing to pursue in his own right, if, which seems unlikely, he could establish subject matter jurisdiction for entertaining such claims.  In accordance with the foregoing, it is

ORDERED that the "Emergency Motion to Amend Order to Strike Document 353 As Issued on December 16, 2010 [sic] Pursuant to

---

[2]  Even if the clerk had treated the mandamus motion as an adversary proceeding complaint, Doyle never took steps to make proper service of a complaint pursuant to Federal Rule of Bankruptcy Procedure 7004.  The 120-day period under Federal Rule of Civil Procedure 4(m) (made applicable by Fed. R. Bankr. P. 7004(a)) for making service of the complaint expired long ago. Nothing in the record suggests that Doyle ever inquired of the clerk's office regarding whether the motion was being treated as a complaint and regarding issuance of a summons to serve with the motion if it were being treated as a complaint.  Although Doyle asserts that he did not learn of the denial of the mandamus motion until recently, his neglect in following the status of the motion bespeaks a lack of reasonable diligence that would warrant finding no good cause for extending the Rule 4(m) time for serving a complaint.

Rule 9011" filed by James Patrick Doyle on August 12, 2010 (Dkt.

No. 438) is DENIED.  It is further

ORDERED that the Emergency Motion for Writs of Mandamus

(Dkt. No. 350) filed by Doyle on November 17, 2009, and the

amended version of the Emergency Motion for Writs of Mandamus

(Dkt. No. 363) filed by Doyle on November 27, 2009, stand

stricken.

[Signed and dated above.]

Copies to:

James Patrick Doyle
2100 M Street, NW #170-238
Washington, DC 20037

Secretary of the Interior
Department of the Interior
1949 C Street, NW
Washington, DC 20240

Kevin R. McCarthy
McCarthy & White, PLLC
1751 Pinnacle Drive - Suite 1115
McLean, VA 22102

Martha Davis
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, Virginia 22314

Donald A. Workman
Foley & Lardner, LLP
Washington Harbour
3000 K Street, NW - Suite 500
Washington, DC 20007

David Lee
Lee & Smith, PC
1101 30th Street, NW
Suite 200
Washington, DC 20007

David E. Leta
Snell & Wilmer, LLP
15 West South Temple, Suite 1200
Salt Lake City, UT 84101

David M. Ross
Wilson Elser Moskowitz Edelman & Dicker LLP
700 11th Street, NW, Suite 400
Washington, D.C. 20001

Adelaide Maudsley
Chapman and Cutler LLP
201 South Main Street #2000
Salt Lake City, UT 84111

D:\TRBK\Judge Temp Docs\Environmental Land Technology Order Denying James Doyle Emergency Mtn to Reconsider.wpd